UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JERRY HART,                                          Civil File No. 07-1286 (MJD/JSM)

        Plaintiff,

    v.                                               **REPORT AND RECOMMENDATION**

Warden HOLINKA,
Dr. J. DEY,
L. BRANDT, and
Health Administrator ANDERSON,

        Defendants.

This matter is presently before the Court for the purpose of determining whether

Plaintiff has complied with the requirements of the prior orders that were entered in this matter

on March 16, 2007, (Docket No. 10), and April 23, 2007, (Docket No. 13).  The first of those

two orders directed Plaintiff to file a properly completed U.S. Marshal service form, (USM-

285), for each Defendant to be served in this matter.  Plaintiff was advised that the Marshal

would not be able to serve the named Defendants, and that this case could not go forward,

unless he filed the necessary marshal service forms.  The order also expressly advised

Plaintiff that if he did not file his marshal service forms within thirty (30) days, he would be

deemed to have abandoned this action, and it would be recommended that the action be

summarily dismissed for lack of prosecution.

The Court later learned that Plaintiff had requested blank marshal service forms from

the Clerk's Office, but the forms were not sent to him.  The Court then directed the Clerk to

send the requisite forms to Plaintiff, and entered another order, dated April 23, 2006, which

extended the deadline for submitting the properly completed marshal service forms.  That later order informed Plaintiff that if he did not send in the completed marshal service forms within thirty (30) days thereafter, i.e., by no later than May 23, 2007, the Court would recommend that this action be dismissed without prejudice.

The extended deadline for filing Plaintiff's marshal service forms has now expired, and Plaintiff still has not submitted those forms.  Nor has Plaintiff offered any explanation for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all for more than two months.  Therefore, based on the express warnings regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 5, 2007

_s/ Janie S. Mayeron_
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 22, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.